**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**REGINALD K. CRUMITY,**

    Plaintiff,

vs.                                                                      Case No. 4:11cv252-SPM/WCS

**MIKE'S BEER BARN,
MICHAEL RAYOR,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that on Saturday, January 9th, he was suspected of unlawfully taking a bottle of vodka from Mike's Beer Barn. Doc. 1, p. 3. Plaintiff claims the owner, Mr. Rayor, "got into his vehicle and track[ed] down [Plaintiff] four blocks away from his store." *Id.*, at 4. Mr. Rayor allegedly shoved the Plaintiff off his bicycle and assaulted Plaintiff.

A civil rights claim in federal court under § 1983 requires proof that the defendant, while "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.' "  <u>Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles</u>, 136 F.3d 709, 713 (11th Cir. 1998).  Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  <u>Patrick v. Floyd Medical Center</u>, 201 F.3d 1313, 1315 (11th Cir. 2000).  Neither Mr. Rayor, nor a business like Mike's Beer Barn, is a "state actor" for purposes of § 1983 liability.

If Plaintiff has any claim at all for injuries resulting from the incident, Plaintiff's claim would belong in state court.  This case does not, however, present a viable claim for a violation of Plaintiff's federal constitutional rights.  There is no need to permit amendment of the complaint in this situation where Plaintiff cannot proceed under § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2011.


    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**